## Kosor v. Harleysville Mutual Insurance Company

*John M. O'Connell Jr.,* for plaintiffs.
*David L. Robinson,* for defendants.

AMBROSE, *J.*, September 26, 1988 — This case involves an issue under the original no-fault law which has not been addressed by the appellate courts of Pennsylvania. The question to be determined is whether or not a no-fault insurer is required to pay personal-injury protection benefits twice under two separate auto insurance policies to the same individual.

The factual history of the case is as follows. Plaintiffs had an automobile, which they owned and which was insured by defendant. At the same time, plaintiffs were the sole owners of a corporation, which owned a vehicle insured through defendant under a separate policy of insurance. Full premiums were paid for each policy. Plaintiffs were the insured parties under both policies. On July 5, 1982, plaintiff-husband was operating the corporate vehicle in which plaintiff-wife was a passenger. An accident occurred, and both plaintiffs suffered injuries

which required medical treatment and replacement services.

Plaintiffs then demanded payment under each of the aforementioned policies for personal-injury protection benefits. Defendant, however, made payments to each plaintiff for medical expenses and replacement services only under the policy purchased by the corporation. Plaintiffs then filed suit, claiming entitlement to payment for personal-injury protection benefits under each policy.

In its answer and new matter, defendant admitted the existence of the two policies, but denied that plaintiffs were entitled to be paid personal-injury protection benefits under each. Rather, defendant alleged that the benefits paid under one policy represent all the outstanding expenses of plaintiffs, and that no additional bills have been submitted by plaintiffs or remained unpaid. Plaintiffs' reply to the new matter admitted that all bills had been submitted and paid, but that the same bills remain unpaid on the second policy.

Defendant has now filed a motion for judgment on the pleadings, contending that judgment should be entered for defendant because the law of this commonwealth has never permitted a "double dip" based upon the issuance of two policies for personal-injury protection benefits. Plaintiffs have also filed a motion for judgment on the pleadings, contending that they are entitled to be paid personal-injury protection benefits under the second policy as well as the first. Both these motions are before the court en banc for disposition.

Defendant has characterized plaintiffs' claim as an issue of "double dipping." In support of its position against plaintiffs' claim, defendant points to the Pennsylvania Supreme Court decisions in *Antanovich v. Allstate Insurance Company,* 507 Pa.

68, 488 A.2d 571 (1985), which prohibited the stacking of work-loss benefits under the No-fault Act when the insurance policies in question clearly precluded stacking. In this case, there is no provision in either policy prohibiting payments under one policy if the same payments are made under the other policy. Plaintiffs paid two full premiums. For such premium payments, plaintiffs were entitled to be paid certain benefits. Plaintiffs argue persuasively that it would be unfair and unjust to allow defendant to collect two premiums and not require defendant to pay benefits on a policy for which they had received premium payments.

Although the *Antanovich* cases, *supra,* have disposed of the stacking issue, the court does not believe that those cases have disposed of the issue presented by this case. Plaintiffs have analogized the issue in this case to a situation where an individual is insured under two life insurance policies. If that individual dies, his beneficiary under each policy receives the amount stated in the policy. Both the life insurance policies in that situation and the automobile insurance policies in this case provide benefits to the insured or his beneficiary in exchange for the payment of premiums. Premiums have been paid under both policies, and benefits are due under each. This is not comparable to the stacking of benefits, and plaintiffs should prevail.

## ORDER

And now, September 26, 1988, after careful consideration of both motions for judgment on the pleadings, and for the reasons set forth in the opinion accompanying this order, it is hereby ordered that plaintiffs' motion for judgment on the pleadings is granted, and defendant's motion for judgment on the pleadings is denied.